989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl CORN, Plaintiff-Appellant,
v.
Sharon CAUDILL, Program Administrator, Department of
Corrections; Dewey Sowders, Warden, Northpoint Training
Center; Marion Burris, Unit Director, Northpoint Training
Center; A.D. Long, Classification and Treatment Officer,
Northpoint Training Center, Defendants-Appellees.
 No. 92-6043.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before NATHANIEL R., JONES and RALPH B. GUY, JR., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Darryl Corn appeals the dismissal of his civil rights complaint filed under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Corn filed his complaint in the district court alleging that the defendant prison officials deprived him of a liberty interest with respect to their refusal to consider him for classification as a minimum security prisoner. The magistrate judge recommended that the complaint be dismissed as frivolous and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint.
 
 
 3
 Generally, a complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if plaintiff fails to present any claim with an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Supreme Court has recognized that a prisoner has no inherent constitutional right to any particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). A state may create a liberty interest in a particular classification by adopting statutory or policy language which places substantive limitations on officials' discretion with particularized standards mandating a classification if substantive predicates are met. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989). However, this court has determined that prisoners enjoy no liberty interest in a security classification under Kentucky law. Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir.), cert. denied, 493 U.S. 991 (1989).
 
 
 4
 Upon consideration, plaintiff's argument must fail because provisions of state law and prison policy place no substantive limitations on official discretion in such matters except insofar as the policy in question disqualifies plaintiff from minimum security status. In short, there simply is no requirement that prisoners be considered individually for minimum security classification.
 
 
 5
 Accordingly, the judgment of the district court is affirmed for the reasons stated in the magistrate judge's report and recommendation filed June 3, 1992, and adopted by the district court in its order filed July 21, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.